IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUMAN R. NAMA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-3362-K |
| | § | |
| UNITED STATES CITIZENSHIP AND | § | |
| IMMIGRATION SERVICES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion") (Doc. No. 24).  Plaintiff Suman R. Nama filed a response in opposition (the "Response") (Doc. No. 27) and Defendants filed a reply in support of their Motion (the "Reply") (Doc. No. 29).  The Court has carefully considered the Motion, the Response, the Reply, the applicable law, and the relevant portions of the record.  Because the Court lacks subject matter jurisdiction to review Plaintiff's claims, the Court **GRANTS** the Motion and **dismisses** this case **without prejudice**.

### I.      Background

Plaintiff Suman R. Nama ("Plaintiff") filed this action against Defendants United States Citizenship and Immigration Services ("USCIS"), Alejandro Mayorkas, United States Secretary of Homeland Security, Ur Jaddou, Director of USCIS, Kathy

ORDER – PAGE 1

A. Baran, Director of USCIS California Service Center, Merrick Garland, Attorney General of the United States, and Christopher Wray, Director of Federal Bureau of Investigation (collectively, "Defendants").  *See* Am. Compl. (Doc. No. 22) at 1, ¶2 & fn.1.  Plaintiff seeks judicial review of the denial of his I- 485 Application to Register Permanent Residence or Adjust Status ("I-485 Application") under 8 U.S.C. § 1182(a)(6)(C)(i).  *See, e.g., id.* at 7.  Plaintiff alleges this Court has jurisdiction based on federal question (28 U.S.C. § 1331), the United States as a defendant (28 U.S.C. § 1346), and the Administrative Procedures Act (the "APA") (5 U.S.C. § 555(b), *et seq.*) *Id.* at 2, ¶3.

An alien's status may be adjusted to lawful permanent resident if the alien applies to adjust his status, the alien is eligible to receive an immigrant visa and is admissible as a permanent resident, and an immigrant visa must be immediately available to the alien at the time he filed the application.  8 U.S.C. § 1255(a); 8 C.F.R. § 245.1; *see also* Am. Compl. at 4, ¶¶19-20.  Plaintiff's spouse, Jayanthi Nagabhirava ("Plaintiff's spouse"), is the beneficiary of an Employment Based Fifth Preference (EB-5) immigrant visa petition.  *Id.* at ¶15.  As the spouse of a beneficiary of an immigrant petition, Plaintiff filed an I-485 Application on December 6, 2018.  *Id.* at 5, ¶26; *see also* Pl.'s App. (Doc. No. 28) at 69.  The status of Plaintiff's spouse was adjusted to lawful permanent resident on May 8, 2019.  Am. Compl. at 4, ¶16.

On April 13, 2021, USCIS issued a Request for Evidence (the "RFE") to Plaintiff stating "[i]t appears that you are inadmissible to the United States . . . because you sought to procure an immigration benefit by fraud or by concealing or misrepresenting a material fact (immigration fraud or misrepresentation).  You are not eligible to adjust status unless USCIS waives the ground of inadmissibility."  *Id.* at 19; *see also id.* at 5, ¶27.  USCIS specifically referenced "false information regarding [Plaintiff's] education and [work] experience" which he provided and of which he certified the truthfulness for an I-140 Petition submitted on his behalf by his employer at the time.  *Id.* at 18.  USCIS also noted that Plaintiff's claim his employer itself supplied the falsified information was implausible.  *Id.*  USCIS requested Plaintiff submit an Application for Waiver of Grounds of Inadmissibility (Form I-601) to waive this ground of inadmissibility.  *Id.* at 19. In responding to the RFE, Plaintiff disputed USCIS's basis for finding him inadmissible and submitted evidence in support of his response.  *Id.* at 6, ¶30; *see also id.* at 21-28.  Plaintiff did not, however, submit a Form I-601 for a waiver of inadmissibility ground based on immigration fraud or misrepresentation.  *See id.*  On October 8, 2021, USCIS issued its Decision denying Plaintiff's I-485 Application because he did not establish that he was not subject to inadmissibility for seeking to obtain a benefit under the Immigration and Nationality Act (the "INA") by fraud and willful misrepresentation.  *Id.* at 31. USCIS found Plaintiff's evidence and testimony

ORDER – PAGE 3

submitted with his RFE response "does not overcome your inadmissibility." *Id.* at 30-34.   USCIS also stated that because it found Plaintiff to be inadmissible and he did not submit the available waiver of inadmissibility as USCIS requested, Plaintiff is "not qualified to adjust status, and USCIS denies [his] Form I-485." *Id.* at 33; *see also* 8 U.S.C. § 1255(a) & 8 C.F.R. § 245.1 (for adjustment to lawful permanent resident, alien must apply to adjust status, must be eligible to receive an immigrant visa and be admissible as a permanent resident, and immigrant visa must be immediately available at time application is filed).   No removal proceedings have been initiated against Plaintiff to-date.

In his Amended Complaint, Plaintiff asserts, generally, that Defendants' denial of his application for adjustment of status is arbitrary and capricious, an abuse of discretion, and not in accordance with the law. *See, e.g., id.* at 8, ¶¶39-41.  Plaintiff asks the Court to set this decision aside and enter a declaratory judgment that he is eligible for adjustment of status to permanent resident and adjust his status accordingly. *Id.* at ¶41; 9, ¶3.  Plaintiff asks, in the alternative, that the Court enter a declaratory judgment that Defendants violated Plaintiff's due process rights by not allowing him to apply for a waiver of inadmissibility after submitting his response and evidence to the RFE. *Id.* at 9, ¶4.  In response to Plaintiff's Amended Complaint, Defendants filed

their Motion to Dismiss for lack of subject matter jurisdiction.  That motion is ripe and the Court addresses it herein.

## II.      Applicable Law

### A.      Federal Rule of Civil Procedure 12(b)(1)

A party may challenge the court's subject matter jurisdiction to hear a case by filing a motion pursuant to Federal Rule of Civil Procedure 12(b)(1).  FED. R. CIV. P. 12(b)(1).  A Rule 12(b)(1) motion may assert either a facial or factual challenge. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).  If the Rule 12(b)(1) motion does not include evidence, that challenge is considered a facial attack on the court's subject matter jurisdiction.  *See id.*  "A 'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953 (1980).

"Federal courts are courts of limited jurisdiction."  *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).  Federal courts "must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  A court properly dismisses a case for lack of subject

matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (court should grant a motion to dismiss for lack of subject matter jurisdiction "only if it appears certain that the plaintiff cannot prove any set of facts in support of [her] claim that would entitle plaintiff to relief.").

### B.    Administrative Procedure Act

A court may review an agency action under the APA only where such action is made reviewable by statute or is a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Moreover, an agency action is not subject to judicial review when the relevant statute precludes such review or when the action "is committed to agency discretion by law." 5 U.S.C. § 701(a)(1)-(2).

### III.    Analysis

In their Motion, Defendants argue that the Court does not have subject matter jurisdiction to review USCIS's decision denying adjustment of Plaintiff's status because it is not a final agency action subject to judicial review. Defendants also argues the Immigration and Nationality Act (the "INA") stripped federal courts of jurisdiction to review immigration decisions assigned to USCIS's discretion by federal law, including decisions on adjustment of status and waiver of inadmissibility. Finally, Defendants

argue the Court lacks jurisdiction under the APA, federal question (28 U.S.C. § 1331), and United States as a defendant (28 U.S.C. § 1346) because the INA constrains judicial review of discretionary immigration decisions.

In his Response, Plaintiff argues USCIS's decision denying adjustment of his status is a final agency action this Court can review because there is no additional administrative action or remedy Plaintiff must or can take to seek further review. Still, even if Plaintiff can renew his request to adjust status in removal proceedings, Plaintiff asserts USCIS's decision is nevertheless final because removal proceedings are conducted by Immigration Courts (a Department of Justice agency), not USCIS which is part of the Department Homeland Security; therefore, USCIS's role has essentially concluded. Plaintiff further argues that the INA does not strip this Court of jurisdiction to review USCIS's decision because its determination that Plaintiff is ineligible for adjustment of status in this instance is not discretionary, it is a legal determination. Plaintiff also states that "[a]t this point in time," he "is not seeking review of the denial of an I-601 [Application for Waiver of Grounds of Inadmissibility] because he never filed a waiver application. Rather, he is seeking review of the legal determination that he is inadmissible because such determination is not supported by substantial evidence." Resp. at 17.

In their Reply, Defendants contend that Plaintiff fails to establish that this Court can exercise subject matter jurisdiction over his claims.  Defendants re-urge their arguments that USCIS's decision is not subject to judicial review because it is not a "final agency action" and is completely within USCIS's discretion.

### A.    Not "Final Agency Action" Subject to Judicial Review

Under the APA, the Court may review only agency actions as provided by statute and those actions which are "final . . . for which there is no other adequate remedy". *See id.* § 704.  No direct appeal lies from the denial of an applicant's request for adjustment of status.  8 C.F.R. § 245.2(a)(5)(iii); *see Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000). Therefore, to establish this Court has subject matter jurisdiction, Plaintiff must demonstrate this decision by USCIS is a "final agency action" subject to judicial review.

"A court may review a final order of removal only if (1) the alien has exhausted all administrative remedies available to the alien as of right,  . . ." 8 U.S.C. § 1252(d)). Therefore, "[a]s a matter of jurisdiction, courts may not review the administrative decision of the [USCIS] unless the appellant has first exhausted 'all administrative remedies.'" *Cardoso*, 216 F.3d at 518 (quoting *id.*).  The relevant federal regulation unambiguously provides that an alien, whose application for permanent residence was denied, "retains the right to renew his . . . application" in removal proceedings.

ORDER – PAGE 8

§ 245.2(a)(5)(iii).   Pursuant to this regulatory language, the Fifth Circuit has repeatedly held that an alien may not seek judicial review of the denial of an adjustment of status application outside of the removal process.  *See Cardoso*, 216 F.3d at 518 (citing *id.*); *Velasquez v. Nielsen*, 754 F. App'x 256, 260-61 (5th Cir. 2018) (pursuant to holding in *Cardoso*, court had no jurisdiction to hear claim challenging denial of request for adjustment of status because applicant "must instead wait to do so if and when removal proceedings commenced."); *Maringo v. Mukasey*, 281 F. App'x 365, 367-68 (5th Cir. 2008).   Plaintiff alleges in his Amended Complaint that the USCIS decision denying his adjustment of status application is a final agency action as there is no administrative appeal available and he has not other means to remedy his injury.  Am. Compl. at 3, ¶¶13-14.  This is not correct.  Plaintiff's "administrative remedies include the right to *de novo* review of [his] application to adjust status during [his] removal proceedings[.]"  *Mendoza v. Wolf*, Civ. Action No. H-20-2022, 2020 WL 7123166, at *4 (S.D. Tex. Dec. 4, 2020).   Therefore, until Plaintiff renews his request for status adjustment in a removal proceeding, he "has not yet exhausted [his] administrative remedies and this Court may not exercise jurisdiction."  *Cardoso*, 216 F.3d at 518.

Plaintiff argues that he "is maintaining lawful immigration status in the United States", so removal proceedings cannot be initiated against him and he cannot renew any request to adjust his status.  Resp. at 11.  The record belies this assertion.  In its

decision denying Plaintiff's application, USCIS specifically stated that when Plaintiff filed his application, he was "lawfully present in the United States", but, notably, that "*period of authorized stay . . is due to expire soon*." Am. Compl. at 33 (emphasis added). Further, if Plaintiff remains in the United States on or after his authorized stay expires, USCIS warned that removal proceedings against him may begin. *Id.* Despite Plaintiff's representation to the contrary, he will be subject to removal proceedings at any time after the expiration of his authorized stay. Plaintiff can certainly renew his request for status adjustment at that time. Plaintiff has not exhausted his administrative remedies because removal proceedings have not yet been initiated, therefore the USCIS decision is not a "final agency action". *See id.* at 11 (Plaintiff confirms "no removal proceedings have been initiated against the Plaintiff.").

Plaintiff also argues that. even if the decision is reviewable in removal proceedings, USCIS (part of Department of Homeland Security) is separate from the Immigration Courts ("administered by . . . a component of the U.S. Department of Justice) which adjudicates removal proceedings, leaving Plaintiff with "no further recourse before USCIS or any other component of the Department of Homeland Security". Resp. at 11. There is no simply basis in the law for the Court to determine USCIS's decision is a "final agency action" on this theory.

ORDER – PAGE 10

Plaintiff also argues the Court should not rely on *Cardoso* in determining this Motion because "recent developments in jurisprudence make clear that *Cardoso* is no longer good law." *Id.* at 12. In support of this, Plaintiff cites *Nolasco v. Crockett*, 978 F.3d 955 (5th Cir. 2020) in which the Fifth Circuit withdrew its prior opinion, that relied on *Cardoso*, and substituted a new opinion on panel rehearing. In the new opinion, the Fifth Circuit noted it would not rely on *Cardoso* for its holding, explaining the Supreme Court's decision in *Nasrallah v. Barr*, — U.S.—, 140 S. Ct. 1683 (2020), "may have partially abrogated *portions* of *Cardoso*", although the panel declined to expressly decide as much. *Id.* at 956 (emphasis added). The Court disagrees with Plaintiff—*Cardoso* remains "good law" and is binding authority this Court must follow, as other courts in this Circuit continue to do. *See, e.g., Puente v. Renaud*, Civ. Action No. 3:21-CV-1103-B, 2021 WL 5326461 (N.D. Tex. Nov. 15, 2021)(Boyle, J.); *Araujo Perez v. Blinken*, Civ. Action No. H-21-3143, 2021 WL 504 8201 (S.D. Tex. Nov. 1, 2021); *Cavena v. Renaud*, Civ. Action No. 3:20-CV-2801-K, 2020 WL 2716432 (N.D Tex. June 30, 2021); *Hernandez v. Garland*, Civ. Action No. H-20-3089, 2021 WL 3810963 (S.D. Tex. May 19, 2021); *S.L.V. v. Rosen*, Case No. SA-21-0017-JKP, 2021 WL 243442 (W.D. Tex. Jan. 25, 2021); *Mendoza v. Wolf*, Civ. Action No. H-20-2022, 2020 WL 7123166, at *4 (S.D. Tex. Dec. 4, 2020).

ORDER – PAGE 11

In *Nasrallah*, the Supreme Court construed the statutory meaning of "final order of removal" with respect to whether a court may review factual challenges to an order under the international Convention Against Torture denying the immigrant relief from removal. 140 S. Ct. at 1687-89. The removal proceedings against Nasrallah had been fully adjudicated before an Immigration Judge and then appealed to the Board of Immigration Appeals and the Court of Appeals for the Eleventh Circuit. *Id.* at 1688. As the Fifth Circuit itself identified but declined to decide, *Nasrallah* may have impacted *Cardoso*, but only in part; it certainly did not overturn the entire opinion making it bad law as Plaintiff intimates. *Nolasco*, 978 F.3d at 956 (panel noted *Nasrallah* "may have *partially abrogated portions of Cardoso*" but declined to express an opinion) (emphasis added). *Cardoso*, initially filed as a class action, involved three appellants contending they were entitled to legal permanent resident status, but each with distinct factual backgrounds. *Cardoso*, 216 F.3d at 513-14. It is highly doubtful that the portion of *Cardoso* on which this Court relies was impacted by the Supreme Court's decision. *But see Cardoso*, 216 F.3d at 516 (first of three appellants, Florentina Cardoso, was subject to removal order, sought an adjustment of her status to avoid removal, and then appealed the denial of her status adjustment). Just as Plaintiff in the instant case, the third *Cardoso* appellant, Aurora Moran, held an immigrant visa then applied for adjustment of status to permanent resident, which was denied. *Id.* at

514.  Like Plaintiff, Moran "never faced a removal order" and removal proceedings had not been initiated, and she challenged only the denial of her adjustment of status.  *Id.* at 517.  The Fifth Circuit quickly disposed of Moran's appeal, holding jurisdiction did not exist for the court to review her claims.  *Id.* at 518.  Because she could renew her request during removal proceedings, Moran had not yet exhausted her administrative remedies.  *Id.*  This Court finds *Cardoso*, at least on these specific facts, remains good law.

Finally, Plaintiff contends this case is more akin to *Melendez v. McAleenan*, 928 F.3d 425 (5th Cir.), *cert. denied*, — U.S. —, 140 S. Ct. 561 (2019) and *Nolasco v. Crockett*, 978 F.3d 955 (5th Cir. 2020) in which those courts found jurisdiction existed to review adjustment of status decisions.  Those cases are easily distinguishable from this case.  In both *Melendez* and *Nolasco*, the immigrants had been granted Temporary Protected Status ("TSP"), which permitted them to be lawfully present in the United States for a period of time until that status is withdrawn.  *See generally id.*  Plaintiff has not been granted TSP status.  Although Josue Nolasco and Oscar Melendez both challenged the denial of their requests for adjustment of status, the denial of those requests involved a purely "legal interpretation of statutory provisions that govern TSP and adjustment of status".  *Nolasco*, 978 F.3d at 957; *Melendez*, 928 F.3d at 426-27.  In both cases, the decisions denying status adjustment were based solely on findings the applicant was

ORDER – PAGE 13

statutorily ineligible for being unlawfully present in the United States before securing TSP status. *Nolasco*, 978 F.3d at 957; *Melendez*, 928 F.3d at 426-27. Those are not the facts before this Court.

The record here clearly establishes that USCIS's finding of ineligibility turned on disputed facts. In its RFE, USCIS found Plaintiff ineligible to adjust status "based on misrepresentations and the fraudulent documentation" he provided in a prior visa petition filed by his former employer. Am. Compl. at 18. USCIS specifically noted Plaintiff's testimony refuting that he made any misrepresentations or provided false documentation, but it found his explanations implausible. *See id.* Plaintiff contested this finding and submitted his own evidence in rebuttal in his response to the RFE. *Id.* at 21-28. In its decision, USCIS denied Plaintiff's I-485 Application to adjust status because USCIS found *from these disputed facts* that he was inadmissible for having sought an INA benefit by fraud or willfully misrepresenting a material fact. *Id.* at 31. USCIS stated that it considered Plaintiff's evidence, addressing each item in turn and noting its findings as to each. *Id.* at 32-33. USCIS also recited the arguments made by Plaintiff's counsel in the RFE and the reason USCIS found them unpersuasive. *Id.* at 31. USCIS nevertheless found the evidence "does not overcome [Plaintiff's] inadmissibility" and denied his I-485 Application. *Id.* at 33.

Under applicable and binding law of this Circuit, Plaintiff "has not yet exhausted his administrative remedies" because he may renew his request "upon the commencement of removal proceedings." *Cardoso*, 216 F.3d at 518; *accord Maringo v. Mukasey*, 281 F. App'x 365, 367-68 (5th Cir. 2008); *Judhani v. Holder*, Civ. Action No. 3:10-CV-1256-B, 2011 WL 1252661, at *2 (N.D. Tex. Mar. 9, 2011), *adopting report and recommendation*, 2011 WL 1252605 (Mar. 31, 2011)(Boyle, J.) (applying *Cardoso*, court lacked jurisdiction under APA to review USCIS denial of request for adjustment of status because it was not final agency action "and another adequate remedy is available to them through the removal proceedings."). Accordingly, this decision of USCIS is not a "final agency action" subject to judicial review and the Court may not exercise subject matter jurisdiction over Plaintiff's claims.

### B.    Discretionary Decision Not Subject to the Court's Review

Even if the decision were a "final agency action," which it is not, the Court finds that it lacks subject jurisdiction over USCIS' decision for another reason. Section 1255(a) specifically states that adjustment of status decision are made by the Attorney General "in his discretion". 8 U.S.C. § 1255(a). Section 1252(a)(2)(B) explicitly strips courts of jurisdiction to review a "decision or action of the Attorney General or the Secretary of Homeland Security . . . for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ."

*Id.* §1252(a)(2)(B)(ii).  A court "is precluded from reviewing those decisions 'specified in the statute' to be discretionary." *Ayanbadejo v. Chertoff*, 517 F.3d 273, 276 (5th Cir. 2008) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005)).

Plaintiff argues § 1252(a)(2)(B) does not strip the Court of jurisdiction and USCIS's determination was purely a legal determination, not discretionary, so the Court can review it.  *See* Resp. at 14 & 16.  Plaintiff cites the Court to several cases from other Courts of Appeals in support of his argument that determining eligibility for adjustment of status is a legal question and in no way discretionary.  *Id.* at 14-16. Of the three Fifth Circuit cases Plaintiff cites, none are helpful and are, instead, wholly inapposite.  First, in *Mireles-Valdez v. Ashcroft*, the Government *agreed* that "the decision at issue—Mireles-Valdez was not statutorily eligible for cancellation of removal because he did not satisfy the presence requirement—is nondiscretionary."  349 F.3d 213, 215 (5th Cir. 2003).   In addition to the parties' agreement that the decision was nondiscretionary, the case involved a removal proceeding which, as the Court noted in Section A above, has not been initiated in this case.  Next, in *Gonzalez-Torres v. I.N.S.*, the Fifth Circuit addressed a determination by the Board of Immigration Appeals that the applicants failed to establish their eligibility *for suspension of deportation* with a showing of seven years' continuous presence in the United States, a statutory requirement.  213 F.3d 899, 901 (5th Cir. 2000).  The Fifth Circuit found this specific

decision was a nondiscretionary determination subject to judicial review as it "involves application of the law to factual determinations". *Id.* at 901 (emphasis added) (citing *Kalaw v. INS*, 133 F.3d 1147, 1151 (9th Cir. 1997)). The Fifth Circuit specifically noted prior case law in which the court found that this very decision as to the continuous physical presence element was not a discretionary determination and, therefore, the applicable statute "did not divest the court of its jurisdiction." *Id.* at n.3 (citing *Moosa v. INS*, 171 F.3d 994, 1012 (5th Cir. 1999)). The same cannot be said for the case before this Court—this case does not involve removal proceedings and there is no binding case law that this determination denying adjustment of status under these facts is not discretionary. Finally, Plaintiff cites to *Omagah v. Ashcroft* in which the Fifth Circuit held the court had jurisdiction to review the Attorney General's determination of the alien's "good moral character". 288 F.3d 254, 259 (5th Cir. 2002). But, as Plaintiff himself points out, the determination at issue in that case was subject to judicial review "because the statute classifies it as nondiscretionary." *Id.* That is clearly not what the statutory language provides in the case before this Court.

The Court is not persuaded by any of Plaintiff's arguments that USCIS's decision denying his I-485 application for adjustment of status was not discretionary and is subject to judicial review. *See id.* §1255(a). Based on the clear law, this Court is without jurisdiction to review the discretionary decision of USCIS to deny Plaintiff's

ORDER – PAGE 17

application to adjust his status (i.e., an I-485 application).  *See Ayanbadejo*, 517 F.3d at 277.

It is unclear if Plaintiff is still asserting his alternative claim regarding an application for waiver of inadmissibility.  *See* Resp. at 17.  Regardless, that decision too is committed to the discretion of the Attorney General under the plain language of the statute.  8 U.S.C. § 1882(i).  Further, § 1882(i) divests courts of jurisdiction to review those decisions.  *Id.*  A decision by USCIS regarding waiver is also discretionary and specifically exempted from judicial review, and there is no basis in the law to find otherwise.  *See* § 1882(i).  Accordingly, the Court is precluded from reviewing Plaintiff's claim based on an Application for Waiver of Inadmissibility (Form I-601).  *See Ayanbadejo*, 517 F.3d at 276 (5th Cir. 2008).

## C.    Conclusion

The APA permits judicial review of a "final agency action for which there is no other adequate remedy in a court," 8 U.S.C. § 704, "except to the extent that—(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law," § 701(a).  *Bennett v. Spear*, 520 U.S. 154, 175 (1997); *accord Bian v. Clinton*, 605 F.3d 249, 255 (5th Cir. 2010).  The decision by USCIS to deny Plaintiff's I-485 Application to adjust his status is not a final decision. Even so, the clear statutory language places determinations of adjustment of status and waiver of ineligibility

within the discretion of the Attorney General or the Secretary of Homeland Security and also divests courts of jurisdiction to review those decisions.  §§1182(i), 1252(a)(2)(B), 1255(a).  Therefore, the Court does not have subject matter jurisdiction under the APA over Plaintiff's claims.  The Court likewise does not have subject matter jurisdiction under 28 U.S.C. § 1331, federal question, because the statutes specifically divest courts of jurisdiction to review these discretionary determinations.  §§1182(i), 1252(a)(2)(B).  Plaintiff also alleges the Court has subject matter jurisdiction under § 1346 because the United States is a defendant.  However, just as with § 1331, this statute does not confer jurisdiction on this Court to hear Plaintiff's claims where the unambiguous statutory language of §§ 1882(i) and 1252(a)(2)(B) strip courts of jurisdiction to review these discretionary decisions.  Finally, although not entirely clear from the Amended Complaint if alleged, the Declaratory Judgment Act as is not "an independent basis for subject matter jurisdiction." *Cf. Parveen v. McAleenan*, 410 F. Supp. 3d 809, 815 (S.D. Tex. 2019).  Plaintiff fails to identify another basis for this Court's subject matter jurisdiction over his claims.  *See St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (party seeking the federal forum bears the burden of establishing subject matter jurisdiction).  Accordingly, the Court concludes it is without subject matter jurisdiction to review Plaintiff's claims and must dismiss this case in its entirety against all Defendants.  *See also* FED. R. CIV. P. 12(h)(3).

ORDER – PAGE 19

III.    Conclusion

The Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. Plaintiff's claims are **dismissed without prejudice** as the Court lacks subject matter jurisdiction to review these claims.

**SO ORDERED.**

Signed April 20th, 2022.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 20